**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| LAMEX AGRIFOODS, INC. | ) | |
| 800 Brickell Avenue, Suite 700 | ) | |
| Miami, FL 33131 | ) | |
| | ) | CIVIL CASE NO.: |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | JUDGE: |
| FROZEN FOOD DEVELOPMENT, INC. | ) | |
| Attn: Corporate Officer or Manager | ) | |
| 201 Granite Run Drive, Suite 290 | ) | |
| Lancaster, PA 17601 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| GARY GREGORY | ) | |
| 201 Granite Run Drive, Suite 290 | ) | |
| Lancaster, PA 17601 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| M & T BANK | ) | |
| Attn: Corporate Officer or Manager | ) | |
| 1703 Oregon Pike | ) | |
| Lancaster, PA 17601 | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## **COMPLAINT**

Plaintiff Lamex Agrifoods, Inc. ("Plaintiff" or "Lamex") brings this civil action against

Frozen Food Development, Inc. ("Frozen Food") and Gary Gregory, individually and in his

corporate capacity, and M & T Bank (all collectively, "Defendants"), for damages and equitable

relief and alleges as follows:

1

# I.   JURISDICTION

1.      Federal question jurisdiction is vested in this Court pursuant to the Perishable Agricultural Commodities Act, specifically 7 U.S.C. §499e(b)(2), §499e(c)(5)(i), and §499g(b). This Court is also vested with ancillary and/or pendent jurisdiction pursuant to 28 U.S.C. §1367(a) over Plaintiff's related state-based claims.

# II.   VENUE

2.      Venue is proper in this district pursuant to 7 U.S.C. §499g(b) in that Plaintiff obtained a reparation award from the U.S. Department of Agriculture and is seeking to enforce liability in this U.S. District Court.

3.      Venue is also proper in this district pursuant to 28 U.S.C. §1391 in that the Defendants are domiciled in this district.

# III.   PARTIES

4.      Plaintiff is a Florida corporation with its principal place of business in Miami, Florida and is engaged in the business of selling wholesale quantities of frozen fruits and vegetables nationwide. At all times relevant herein, Plaintiff held federal produce license number 20130681 from the U.S. Department of Agriculture/PACA Branch in good and active standing.

5.      Defendant Frozen Food is a Florida corporation with its principal place of business in Lancaster, Pennsylvania. Frozen Food was, at all times relevant herein, acting as a dealer and commission merchant of wholesale quantities of perishable agricultural commodities in Pennsylvania and, as such, is subject to the Perishable Agricultural Commodities Act of 1930, as amended, 7 U.S.C. §499a, *et seq*., ("PACA").  At all times relevant herein, Frozen Food held federal produce license number 20030486 from the U.S. Department of Agriculture/PACA Branch. The sole reported Principal is Defendant Gary Gregory. The license has been suspended

2

by the USDA for non-payment to the Plaintiff. The license is a regularly maintained federal government document. *See*, PACA license for Frozen Food as retrieved from the USDA Agricultural Marketing Service website (https://usdaams.service-now.com/public_search) attached hereto and incorporated herein as "Exhibit 3."

6.      Individual Defendant Gary Gregory ("Individual Defendant") is or was an owner, member, officer, director, and/or at least 10% shareholder of Frozen Food during the relevant time period, making him "responsibly connected" under PACA.  The Individual Defendant is or was a person in control of, and responsible for, the day-to-day operations of Frozen Food and the disposition of Frozen Food's assets, including its PACA trust assets.

7.      The Individual Defendant is charged with a continuing fiduciary duty to Plaintiff to ensure full payment promptly as mandated by PACA. The Individual Defendant purposefully elected to pay other junior creditors instead of satisfying Plaintiff's priority PACA trust claim.

8.      Defendant M & T Bank is a bank holding company headquartered in Buffalo, New York with offices in at least ten states including one in Lancaster, Pennsylvania that services Frozen Food and the Individual Defendant. Defendant M & T Bank is engaged in lending activities including lending to Frozen Food and the Individual Defendant. Upon information and belief, Defendant M & T Bank asserts a security interest over Frozen Food's corporate assets, which interest is lawfully inferior to and subordinate to Plaintiff's PACA trust claim.

IV.     **CLAIMS FOR RELIEF**

**COUNT I**

**DEFENDANT FROZEN FOOD**

**(Failure to Maintain PACA Trust)**

3

9.      Plaintiff incorporates each and every allegation set forth in the preceding paragraphs as if fully written herein.

10.     At Frozen Food's request, Plaintiff sold on credit and through interstate commerce, wholesale quantities of perishable agricultural commodities to Defendant, as set forth in the following table:

| Plaintiff | Dates of Transactions | Commodities | Total Amount Sold | Amount[1] Unpaid |
|---|---|---|---|---|
| Lamex Agrifoods, Inc. | June 2021 to January 2022 | Mixed Frozen Fruits and Vegetables | $1,002,065.85 | $1,002,065.85 |

11.     Plaintiff duly delivered the perishable agricultural commodities to Frozen Food.

12.     Frozen Food received and accepted the perishable agricultural commodities from Plaintiff.

13.     Pursuant to the payment terms between the parties, Frozen Food is in default with respect to the principal amount of $1,002,065.85 outstanding to Plaintiff.

14.     Pursuant to the trust provision of PACA, 7 U.S.C. §499e(c)(2), and the Code of Federal Regulations promulgated thereunder, upon receipt of said commodities, a statutory trust arose in favor of Plaintiff as to all commodities received, all inventories of food or other products derived from said commodities, and the proceeds from the sale of such commodities until full payment is made for said commodities by Frozen Food to Plaintiff.

15.     Frozen Food has failed and refused to pay for the commodities it ordered, received, and accepted from Plaintiff, despite due demand.

---

[1] Plus accruing interest at 1.50% per month and attorney fees and costs.

16.     On each of the outstanding invoices sent by Plaintiff to Frozen Food, Plaintiff, as a PACA licensee, placed the exact language statutorily prescribed by PACA to be placed on all invoices by the licensee to notify the buyer that a seller/supplier of perishable agricultural commodities is preserving its rights as a beneficiary to the statutory trust [7 U.S.C. §499e(c)(4)], plus interest and attorney fees.

17.     Plaintiff is an unpaid creditor, supplier, and seller of perishable agricultural commodities as those terms are defined under PACA.

18.     Upon information or belief, Frozen Food has dissipated and is continuing to dissipate the *corpus* of the statutory trust which arose in favor of Plaintiff and grew upon each delivery of perishable agricultural commodities.

19.     The failure of Frozen Food to hold in trust for the benefit of Plaintiff such perishable agricultural commodities received by it from Plaintiff, and all inventories of food or other products derived from said commodities, and the proceeds from the sale of such commodities until full payment of the sums owing to Plaintiff for said commodities, constitute violations of PACA and PACA Regulations and are unlawful, and, as a direct and proximate result Plaintiff has suffered damages.

## COUNT II

## DEFENDANT FROZEN FOOD AND INDIVIDUAL DEFENDANT

### (Dissipation of Trust Assets) [7 C.F.R. § 46.46(d)(1)]

20.     Plaintiff incorporates each and every allegation set forth in the preceding paragraphs as if fully rewritten herein.

21.     Upon information and belief, proceeds obtained from the sale of the perishable agricultural commodities purchased on credit from Plaintiff that were needed to make full payment

5

promptly to trust beneficiaries by PACA, were improperly expended by Frozen Food and the Individual Defendant for other purposes.

22.     On each of the outstanding invoices sent by Plaintiff to Frozen Food and the Individual Defendant, Plaintiff, as a PACA licensee, placed the exact language statutorily prescribed by PACA to be placed on all invoices by the licensee to notify the buyer(s) that the seller/supplier of perishable agricultural commodities is preserving its rights as a beneficiary to the statutory trust [7 U.S.C. §499e(c)(4)], plus interest and attorney fees.

23.     Upon information and belief, Frozen Food and the Individual Defendant received funds subject to the trust arising under 7 U.S.C. §499e(c), which should have been used to pay the outstanding invoices of Plaintiff but were not.

24.     The acts and omissions of Frozen Food and the Individual Defendant have resulted in the unlawful diversion of trust assets which has prejudiced or impaired the ability of Plaintiff to recover money and receive payment in connection with the produce transaction.

25.     As a direct result of the dissipation of trust assets by Frozen Food and the Individual Defendant, Plaintiff has suffered damages of at least $1,002,065.85, plus interest, fees, and costs.

## COUNT III

## DEFENDANT FROZEN FOOD AND INDIVIDUAL DEFENDANT

### (Failure to Account and Pay for Produce – 7 U.S.C. §499b (Unfair Conduct))

26.     Plaintiff incorporates each and every allegation set forth in the preceding paragraphs as if fully rewritten herein.

27.     Frozen Food and the Individual Defendant have failed and refused, without reasonable cause, to account and make full payment promptly of $1,002,065.85 to Plaintiff, which

sum is unpaid and overdue to Plaintiff for the perishable agricultural commodities ordered, received, and accepted from Plaintiff.

28.     The failure and refusal of Frozen Food and the Individual Defendant to account and make said payments to Plaintiff for the commodity sales transactions is a violation of PACA (7 U.S.C. §499b) and PACA Regulations, constitutes Unfair Conduct, is unlawful, and, as a direct result, Plaintiff has suffered damages of at least $1,002,065.85, plus interest, fees and costs.

## COUNT IV

## DEFENDANT FROZEN FOOD AND INDIVIDUAL DEFENDANT

### (Breach of Fiduciary Duty / Non-Dischargeability) (11 U.S.C. §523(a))

29.     Plaintiff incorporates each and every allegation set forth in the preceding paragraphs as if fully rewritten herein.

30.     Upon information and belief, between June 2021 and January 2022, the Individual Defendant managed, controlled, and directed the credit purchase of perishable agricultural commodities from Plaintiff on behalf of Defendant Frozen Food.

31.     Upon information and belief, Frozen Food and the Individual Defendant received, in the regular course of business, funds subject to the PACA statutory trust which should have been used for the payment of Plaintiff's outstanding invoices but were not.

32.     Upon information and belief, Frozen Food and the Individual Defendant, in breach of their fiduciary obligations arising under PACA, directed the disbursement of trust funds for purposes other than making full and prompt payment to Plaintiff as required by PACA, 7 U.S.C. §499b(4), thereby heightening liability herein to the state of non-dischargeability pursuant to 11 U.S.C. §523(a).

33.     As a direct result of the foregoing, Frozen Food and the Individual Defendant have violated their fiduciary duties as trustees in failing and refusing to make the payments required to satisfy the priority trust interests of Plaintiff, and, as a direct result, Plaintiff has suffered damages of at least $1,002,065.85, plus interest, fees, and costs.

## COUNT V

## DEFENDANT FROZEN FOOD

**(Breach of Contract for Unpaid Invoices / Action on Account)**

34.     Plaintiff incorporates each and every allegation set forth in the preceding paragraphs as if fully rewritten herein.

35.     Between June 2021 and January 2022, Frozen Food contracted with Plaintiff to purchase frozen produce on credit.

36.     Plaintiff faithfully performed all aspects of the contract, with Frozen Food receiving and accepting all the produce.

37.     Plaintiff properly invoiced each sales transaction, and pursuant to the payment terms between the parties, Frozen Food is in default to Plaintiff on all amounts unpaid and outstanding.

38.     Frozen Food breached the contract by failing and refusing to pay Plaintiff the principal sum of $1,002,065.85 despite due demand. As a direct result of non-payment, Plaintiff has suffered damages, including interest and attorney fees.

<u>**COUNT VI**</u>

**DEFENDANT FROZEN FOOD AND INDIVIDUAL DEFENDANT**

**(Enforcement of U.S.D.A. Reparation Order [7 U.S.C. §499g(b)]**

39.     Plaintiff incorporates each and every allegation set forth in the preceding paragraphs as if fully rewritten herein.

40.     Between June 2021 and January 2022, Plaintiff sold to Frozen Food through interstate commerce $1,002,065.85 worth of produce on credit, of which $1,002,065.85 currently remains unpaid.

41.     Frozen Food received and accepted the produce, but failed to pay for the produce, despite Plaintiff's repeated demands.

42.     Pursuant to 7 U.S.C. §499(f), Plaintiff filed an administrative reparation complaint with the U.S. Department of Agriculture ("USDA") against Frozen Food to collect payment.

43.     Following an initial Decision and Order issued on May 17, 2023, and Frozen Food's Motion To Reconsider same, the Secretary of the USDA entered a Final Order ("Frozen Food USDA Order") on December 14, 2023 for a reparation award in favor of Plaintiff and against Frozen Food in the principal amount of $1,002,065.85 plus interest at the contract rate of 18.00% per annum from April 1, 2022 until the May 17, 2023 Decision and Order, plus additional interest at 4.75% per annum from May 17, 2023 until paid in full, plus the $500.00 handling/filing fee Plaintiff paid to file its reparation complaint. A true and correct copy of the Frozen Food USDA Order is attached hereto as "Exhibit 4" and incorporated herein. Interest continues to accrue.

44.     Further, the Frozen Food USDA Order made a finding and determination that Defendant Gary Gregory was "responsibly connected" to Frozen Food.

45.     Frozen Food has not appealed the Frozen Food USDA Order to any U.S. District Court and the time to do so has expired.

46.     Pursuant to the Frozen Food USDA Order, Frozen Food was required to pay Plaintiff the full award within 30 days of December 14, 2023, which it has failed and refused to do, thereby necessitating the filing of the instant enforcement Complaint.

47.     Pursuant to PACA, 7 U.S.C. §499g(b), if the reparation award is not paid within the time specified in the Frozen Food USDA Order, Plaintiff is entitled to file the instant Complaint in this U.S. District Court to enforce the award, plus additional interest, costs, and attorney fees.

48.     Also pursuant to PACA, 7 U.S.C. §499g(b), the findings and orders of the Secretary of Agriculture shall be *prima facie* evidence of Plaintiff's case against Frozen Food. As such, the Plaintiff has already met its burden of proof in this Court.

49.     Plaintiff seeks entry of an order from this U.S. District Court enforcing the Frozen Food USDA Order in the full amount awarded, plus all accrued interest, fees, and costs, all of which are mandatory damages to be awarded pursuant to federal statute. 7 U.S.C. §499g(b).

## COUNT VII

## DEFENDANT FROZEN FOOD AND INDIVIDUAL DEFENDANT

### (Conversion)

50.     Plaintiff incorporates each and every allegation set forth in the preceding paragraphs as if fully rewritten herein.

51.     Any and all funds generated by Frozen Food were from the purchase and sale of produce and therefore PACA trust assets.

52.     Pursuant to PACA, Frozen Food and the Individual Defendant had a duty to hold those assets in trust for the benefit of Plaintiff, a perfected PACA trust beneficiary.

53.     Frozen Food and the Individual Defendant took actual possession of and/or exercised control over PACA trust assets belonging to Plaintiff without lawful justification.

54.      Frozen Food and the Individual Defendant's unlawful retention, deprivation, conversion, and use of PACA trust assets belonging to Plaintiff is willful and oppressive and done with the intent to deprive Plaintiff of its trust assets.

55.     Frozen Food and the Individual Defendant unlawfully converted Plaintiff's PACA trust assets for their own use and benefit.

56.     As a direct and proximate result of Frozen Food and the Individual Defendant's wrongful conduct as alleged herein, Plaintiff has been damaged in the principal amount of at least $1,002,065.85, plus contractual finance charges, fees, costs, and interest.

## COUNT VIII

## DEFENDANT M & T BANK

### (Conversion)

57.     Plaintiff incorporates each and every allegation set forth in the preceding paragraphs as if fully rewritten herein.

58.     On July 28, 2022, Plaintiff issued written notice to M & T Bank that Frozen Food was operating in the produce industry, that Plaintiff was a perfected PACA trust creditor, that Plaintiff had not been paid, and that Frozen Food was in breach of its statutory fiduciary duties.

59.     Plaintiff is informed and believes and thereon alleges that any and all transfers from Frozen Food to M & T Bank were transfers of trust assets belonging to Plaintiff.

60.     M & T Bank's rights in Frozen Food's assets are subject to and subordinate to the rights of Plaintiff, as a PACA trust beneficiary.

61.     M & T Bank took actual possession of and/or exercised control over PACA trust assets belonging to Plaintiff without lawful justification.

62.     M & T Bank's unlawful retention, deprivation, conversion, and use of PACA trust assets belonging to Plaintiff is willful and oppressive and done with the intent to deprive Plaintiff of its trust assets.

63.     As a direct and proximate result of M & T Bank's wrongful conduct as alleged herein, Plaintiff has been damaged in the principal amount of at least $1,002,065.85, plus contractual finance charges, fees, costs, and interest.

## COUNT IX

## DEFENDANT M & T BANK

### (Unlawful Receipt and Retention of PACA Trust Assets)

64.     Plaintiff incorporates each and every allegation set forth in the preceding paragraphs as if fully rewritten herein.

65.     On July 28, 2022, Plaintiff issued written notice to M & T Bank that Frozen Food was operating in the produce industry, that Plaintiff was a perfected PACA trust creditor, that Plaintiff had not been paid, and that Frozen Food was in breach of its statutory fiduciary duties.

66.     At all times material herein, M & T Bank knew or had reason to know that Frozen Food operated as a purchaser and seller of wholesale quantities of produce.

67.     At all times material herein, M & T Bank knew or had reason to know that Frozen Food was experiencing financial difficulties.

68.     At all times material herein, M & T Bank knew or had reason to know that Frozen Food was experiencing difficulties paying its produce suppliers.

69.     At all times material herein, and prior to and during the time Frozen Food was experiencing difficulties paying its produce suppliers, M & T Bank knew Frozen Food was experiencing financial difficulties and/or was insolvent, and therefore had a duty to inquire and determine whether Frozen Food, in fact, had unpaid produce suppliers including Plaintiff.

70.     M & T Bank failed and refused to inquire and determine whether Frozen Food had unpaid produce suppliers including Plaintiff.

71.     M & T Bank received funds from Frozen Food while Plaintiff's PACA trust invoices went unpaid.

72.     M & T Bank knew, or should have known, that the source of the funds received from Frozen Food were proceeds from the sale of produce, i.e., trust assets.

73.     Frozen Food's bank accounts consist of funds realized from the sale of produce and are PACA trust assets in that they are impressed with the PACA statutory trust in favor of Plaintiff.

74.     Proceeds from Frozen Food's accounts receivable arise from the sale of produce and are PACA trust assets in that they are impressed with the PACA statutory trust in favor of Plaintiff.

75.     M & T Bank wrongfully received and continues to wrongfully hold PACA trust assets which are due to Plaintiff such that Plaintiff receives payment in full as mandated by PACA.

76.     As a direct and proximate result of M & T Bank's wrongful conduct as alleged herein, Plaintiff has been damaged in the principal amount of at least $1,002,065.85, plus contractual finance charges, fees, costs, and interest.

## COUNT X

## DEFENDANT M & T BANK

### (Disgorgement of PACA Trust Assets)

77.     Plaintiff incorporates each and every allegation set forth in the preceding paragraphs as if fully rewritten herein.

78.     On July 28, 2022, Plaintiff issued written notice to M & T Bank that Frozen Food was operating in the produce industry, that Plaintiff was a perfected PACA trust creditor, that Plaintiff had not been paid, and that Frozen Food was in breach of its statutory fiduciary duties.

79.     Defendant M & T Bank knew or should have known that Frozen Food was experiencing severe financial difficulties and was not able to pay Plaintiff promptly and in full, which is a violation of PACA.

80.     Defendant M & T Bank, by its own actions, transferred or converted PACA trust assets to its own use at times when it knew, or should have known, that such assets were held in trust for the benefit of Plaintiff. These actions were violative of the PACA and were done with knowledge that Frozen Food was in breach of the PACA trust.

81.     Defendant M & T Bank's receipt and possession of these PACA trust assets rightfully belonging to Plaintiff was, and continues to be, violations of the PACA and in breach of the PACA trust.

82.     Defendant M & T Bank received PACA trust assets subject to Plaintiff's PACA trust claims not "for value" and with actual or constructive knowledge of Plaintiff's PACA trust rights, notwithstanding any security interest Defendant M & T Bank may have been granted in these assets by Frozen Food.

14

83.     As a direct and proximate result of Defendant M & T Bank's wrongful, receipt, retention and control of Plaintiff's PACA trust assets, Defendant M & T Bank must now disgorge said assets up to $1,002,065.85, plus contractual finance charges, fees, costs, and interest.

## COUNT XI

## DEFENDANT M & T BANK

### (Declaratory Judgment as to Priority)

84.     Plaintiff incorporates each and every allegation set forth in the preceding paragraphs as if fully rewritten herein.

85.     On information and belief, M & T Bank asserts an interest in substantially all of Frozen Food's assets.

86.     Any interest or lien which M & T Bank has, or may claim to have, in or upon any and all assets of Frozen Food, or any part thereof, is subject to and subordinate to the PACA trust claims of Plaintiff.

87.     Frozen Food's unpaid obligation becomes a PACA trust obligation prior to and superior to any lien or security interest held by a secured lender such as M & T Bank.

88.     An actual controversy currently exists between M & T Bank and Plaintiff, and Plaintiff is entitled to a Declaratory Judgment.

89.     As a direct and proximate result of M & T Bank's wrongful conduct as alleged herein, Plaintiff seeks a Declaratory Judgment that it legally holds priority to payment ahead of M & T Bank for at least $1,002,065.85, plus contractual finance charges, fees, costs, and interest.

**COUNT XII**

**ALL DEFENDANTS**

**(Constructive Trust and Accounting)**

90.     Plaintiff incorporates each and every allegation set forth in the preceding paragraphs as if fully rewritten herein.

91.     By reason of the wrongful manner in which all Defendants obtained possession and/or any alleged right, claim or interest therein to the PACA trust assets, the Defendants have no legal or equitable right, claim or interest therein, and instead Defendants are trustees holding said PACA trust assets in constructive trust for the benefit of Plaintiff with the duty to convey said PACA trust assets to Plaintiff.

92.     By reason of the wrongful manner in which all Defendants obtained possession and/or any alleged right, claim or interest therein to the PACA trust assets, the Defendants must account fully and faithfully for all PACA trust assets received since Plaintiff's invoices went unpaid and for all assets in their current custody and control.

93.     As a direct and proximate result of all Defendants' wrongful conduct as alleged herein, Plaintiff has been damaged in the principal amount of at least $1,002,065.85, plus contractual finance charges, fees, costs, and interest.

**COUNT XIII**

**ALL DEFENDANTS**

**(Interest and Attorney Fees)**

94.     Plaintiff incorporates each and every allegation set forth in the preceding paragraphs as if fully rewritten herein.

16

95.     Pursuant to PACA, 7 U.S.C. §499e(c), and the Regulations promulgated thereunder, Defendant Frozen Food and the Individual Defendant were statutorily required to maintain a trust in favor of Plaintiff in order to make full payment to Plaintiff of said amount.

96.     As a result of the failure of Defendant Frozen Food and the Individual Defendant to maintain the trust and to make full payment promptly, Plaintiff has been required to pay attorney fees and costs in order to bring this action to compel payment of the trust res.

97.     As a result of the failure of Defendant Frozen Food and the Individual Defendant to comply with their statutorily mandated duties to maintain the trust and make full payment promptly, Plaintiff has lost the use of said money.

98.     Plaintiff will not receive full payment as required by PACA, 7 U.S.C. §499e(c), if Plaintiff must expend part of said payment on attorney fees, and litigation costs, and also suffer the lost interest on the outstanding amount owed, all because of the violations by Defendants of their statutory duties to maintain the trust and make full payment promptly.

99.     In addition to the above allegations, Plaintiff is contractually entitled to interest and attorney fees pursuant to the terms and conditions of sale, as between merchants of the same kind, as expressly stated on all invoices issued to Frozen Food.

100.    In addition to the above allegations, Plaintiff is also statutorily entitled to interest and attorney fees pursuant to 7 U.S.C. §499(g) in enforcing the USDA reparation award.

**WHEREFORE**, Plaintiff Lamex Agrifoods, Inc. prays that this Court issue an Order:

    a.      granting judgment on all Counts in favor of Plaintiff Lamex Agrifoods, Inc. and against Defendants Frozen Food Development, Inc., Gary Gregory and M & T Bank, jointly and severally, in the principal amount of $1,002,065.85,

together with pre- and post-judgment interest at the contract rate of 18.00% per annum and the costs of this action as well as the $500.00 handling/filing fee for Plaintiff's USDA reparation complaint against Frozen Food; and specifically

b.   granting Judgment in Count I against Frozen Food for Failure to Maintain the PACA Trust; granting Judgment in Count II against Frozen Food and Gary Gregory for Dissipation of Trust Assets; granting Judgment in Count III against Frozen Food and Gary Gregory for Failure to Account & Pay For Produce (Unfair Conduct); granting Judgment in Count IV against Frozen Food and Gary Gregory for Breach of Fiduciary Duty; granting Judgment in Count V against Frozen Food for Breach of Contract For Unpaid Invoices; granting Judgment in Count VI against Frozen Food and Gary Gregory for Enforcement of the USDA Reparations Order; granting Judgment in Count VII against Frozen Food and Gary Gregory for Conversion; granting Judgment in Count VIII against M & T Bank for Conversion; granting Judgment in Count IX against M & T Bank for Unlawful Receipt and Retention of PACA Trust Assets; granting Judgment in Count X against M & T Bank for Disgorgement of PACA Trust Assets; granting Judgment in Count XI against M & T Bank for Declaratory Judgment; granting Judgment in Count XII against all Defendants for Constructive Trust and Accounting; and granting Judgment in Count XIII against all Defendants for Interest and Attorney Fees; and

    c.      granting Plaintiff reasonable costs and expenses, including attorney fees in this action, and such other relief, whether in law or in equity, as this Court deems just and proper.

Dated: February 29, 2024.              Respectfully submitted,

                               *s/ Mark A. Amendola*
                               MARK A. AMENDOLA
                                PA Bar ID No.: 79952
                               MARTYN AND ASSOCIATES CO.
                               820 W. Superior Avenue, Tenth Floor
                               Cleveland, Ohio 44113
                               Telephone: (216) 861-4700
                               Facsimile: (216) 861-4703
                               Email: mamendola@martynlawfirm.com

                               Attorney for Plaintiff Lamex Agrifoods, Inc.

19